DIETZ, Judge, Concurring.
This case presents a hornbook example of the doctrine of quasi-estoppel. Under the Workers' Compensation Act, an employee who is injured by a third party in the course of his employment cannot settle and collect payment from the tortfeasor without (1) the written consent of the employer; (2) an order from a superior court judge setting the amount of the employer's lien on the settlement payment; or (3) paying the employer the full amount of its claimed lien as part of the settlement. See N.C. Gen.Stat. § 97-10.2(h), (j).
By settling his tort claim and receiving a substantial settlement payment without doing any of these things, Easter-Rozzelle received a benefit: the immediate receipt of money that, had he treated the claim as one subject to the Workers' Compensation Act, likely would have been split with-or paid entirely to-his employer.
The acceptance of this benefit invokes the doctrine of quasi-estoppel. Easter-Rozzelle had a choice-either follow the statutory procedure for settling a tort claim that also gives rise to a compensable workers' compensation injury, or treat the subsequent injury as an ordinary tort claim not subject to the statutory provisions. Easter-Rozzelle chose the latter. As a result, he received the benefit of a settlement not subject to employer approval, and a settlement check not subject to a workers'
*208 compensation lien. Later, Easter-Rozzelle took a plainly inconsistent position by asserting that his injury was, in fact, subject to the Workers' Compensation Act despite having just settled the claim in a manner that indicated it was not.
"Quasi-estoppel 'has its basis in acceptance of benefits' and provides that '[w]here one having the right to accept or reject a transaction or instrument takes and retains benefits thereunder, he ratifies it, and cannot avoid its obligation or effect by taking a position inconsistent with it.' " Carolina Medicorp, Inc. v. Bd. of Trustees of State of N.C. Teachers' & State Employees Comprehensive Major Med. Plan, 118 N.C.App. 485, 492, 456 S.E.2d 116, 120 (1995).
*251 I would hold that, by entering into a settlement with the tortfeasor that treated his injury claim as one not subject to the Workers' Compensation Act, Easter-Rozzelle is estopped from later seeking benefits under the Act for that same injury. Of course, Easter-Rozzelle can continue to receive his workers' compensation benefits for his underlying shoulder injury-the one that sent him to meet with his doctor on the day of the accident. But I would hold that quasi-estoppel precludes Easter-Rozzelle from asserting that the injuries sustained in the accident are compensable under the Workers' Compensation Act because Easter-Rozzelle chose to receive the benefits of an up-front settlement payment from the tortfeasor that treated those injuries as if they were not subject to the Act.